## RUGER *v.* RECK.*

(*Circuit Court, E. D. Pennsylvania.* October 28, 1880.)

1. CHARTER PARTY — CONSTRUCTION — GUARANTIED TONNAGE — DEFICIENCY — NO ALLOWANCE WHERE STIPULATED CARGO IS LESS THAN ACTUAL TONNAGE. — A vessel guarantied to have a capacity of 1,250 tons was chartered to carry a cargo of petroleum, etc., to Leghorn, and to bring home marble in blocks, "the latter, if any shipped, not to be more than 600 tons," with sufficient rags for dunnage. The vessel proved to have a capacity of only 1,085 tons, and an allowance was made upon the sum paid for the outward voyage. On the return voyage the charterer furnished only a cargo of 600 tons of marble and 120 tons of light cargo. *Held,* that as the stipulated return cargo was only 600 tons of marble, no allowance could be claimed by the charterer for the deficiency in the vessel's tonnage, and that this provision as to the size of the return cargo could not be overcome by proof that vessels loaded with marble always carried light cargo also, and that the quantity of marble was named because insurers objected *to* vessels carrying more than three-fourths of the cargo in marble.

In Admiralty.

Appeal from a decree of the district court dismissing a libel filed by Ruger Bros. & Co. against F. Reck, owner of the bark Sebastian Bach. The facts were as follows:

Libellants chartered the bark for a voyage from Philadelphia to Leghorn and return, with the privilege of rechartering her.

The charter contained a guaranty that the vessel would carry 1,250 tons, and also contained the following stipulations:

"The said party of the second part doth engage to provide and furnish to the said vessel a full and convenient cargo of such lawful merchandise, as the charterers may require, for the voyage out, refined petroleum $^{and}_{or}$ rosin $^{and}_{or}$ pitch $^{and}_{or}$ tallow $^{and}_{or}$ tobacco and home, marble in blocks, the latter, if any shipped, not to be more than 600, say, six hundred tons of twenty-five cubic Genoese palms each, customary mercantile Carrara measurement. If any piece of marble exceeds five tons, all extra expense for loading and discharging same to be paid by the party of the second

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

part. Sufficient rags to be shipped to dunnage cargo; and to pay to the said party of the first part, or agent, for the use of the said vessel during the voyage aforesaid the sum of £1,925, say, nineteen hundred and twenty-five pounds sterling, in full for the round voyage, both out and home, of which £1,250, say, twelve hundred and fifty pounds sterling, or its equivalent, is payable upon correct delivery of the outward cargo at port of discharge in the Mediterranean, and the balance of amount of this charter, or its equivalent, to be paid upon correct delivery of the homeward cargo at the port of discharge."

Libellants furnished a full outward cargo, but the vessel was found to have a capacity of only 1,085 tons, and her owners repaid to the libellant a proportionate amount of the £1,250 paid for the outward voyage. On her return voyage libellant furnished only a cargo of 600 tons of marble and about 120 tons of light cargo. Upon the completion of the homeward voyage the master retained out of freight collected from the consignees of the cargo the whole £675 stipulated to be paid for the return voyage. Libellants thereupon filed this libel, claiming a portion of this sum proportionate to the difference between the guarantied capacity and the actual capacity. Respondents claimed that, as libellants had not furnished a full cargo, the fact that the vessel could not have carried 1,250 tons was immaterial, and further alleged an agreement on the part of libellants not to make any claim for the deficiency in tonnage.

The district court dismissed the libel on the ground that, by the terms of the charter-party, the £675 was to be paid for a cargo of only 600 tons of marble, with sufficient rags for dunnage, which cargo had been carried.

Libellants appealed, and took depositions in the circuit court of witnesses who testified that vessels laden with marble always brought home light cargo in addition, and that the reason for specifying in the charter-party the quantity of marble to be carried was because the insurance companies objected to a vessel carrying over three-fourths of her registered tonnage in marble.

*Edward F. Pugh,* for libellants.

*Henry Flanders,* for respondent.

McKENNAN, C. J.　It is very difficult to put any other construction upon the disputed clause of the charter-party here than that adopted by the learned judge of the district court. I, therefore, adopt his opinion.

Nor do I think that the evidence taken in this court changes the construction of the charter as given to it in the court below.　To prove that it is usual for vessels carrying marble to carry also light cargo, and that insurance companies require a specification in the charter-party of the number of tons of marble which a vessel may take, which is not to be exceeded, will not change the meaning of an unambiguous contract, such as we have here.

The decree of the district court is therefore affirmed, and the libel is dismissed, with costs.